ORDERED.

Dated: July 01, 2019

*Roberta A. Colton*
Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:              Case No. 8:18-bk-00408-RCT
            Chapter 7

David Mark Silbert
Susan Lee Silbert

    Debtors.
_____/

**ORDER GRANTING TRUSTEE'S MOTION FOR**
**AUTHORITY TO SELL REAL PROPERTY**
(Property: 8609 Buttonwood Lane N., Pinellas Park, FL  33782)

THIS CASE came on for hearing on June 24, 2019 at 9:30 a.m., to consider the Chapter 7 Trustee's Motion to Sell Real Property of the Estate with Consent of Secured Lender ("Motion"), pursuant to the provisions of 11 U.S.C. §363(b), (f) and (m), Doc. No. 21.  Appearances by Carolyn Chaney, Trustee.  The Court reviewed the Motion and the record and found that no response has been filed.  For the reasons stated orally and recorded in open Court, which will constitute the findings of this Court, it is appropriate to grant the Motion subject to proper service on the second lien holder, Mercantile Bank.  The Bank shall have seven (7) days from the date of entry of the Order to object to the sale.  Accordingly, it is

**ORDERED:**

1.      The Motion to Sell Real Property is GRANTED.

2.      The Trustee is authorized to sell the estate's interest in the real property located at:

> Lot 5, BAYOU CLUB ESTATES PHASE 5, according to the plat thereof as recorded in Plat Book 109, Page(s) 57 and 58 of the Public Records of Pinellas County, Florida

to the Buyer, Mousumi Khatoon for the purchase price of $575,000.00, and in accordance with the terms and conditions set forth in the HUD-1, made a part of the Motion.

3.      The Trustee is authorized to pay costs and expenses of sale as set forth in the HUD.

4.      Pursuant to Section 363(b) of the Bankruptcy Code, effective upon closing, the sale of the real property will vest in the Buyer all right, title and interest of the Debtors and the bankruptcy estate in the real property, free and clear of all liens, claims or interests.

5.      The Buyer has not assumed any liabilities of the Debtors.

6.      The Trustee is authorized to execute all documents and instruments reasonable and necessary to close the sale.

7.      The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to: (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing; and (b) other anticipated closing costs of Prorations/Adjustments, Title Charges and Escrow/ Settlement Charges, Government Recording and Transfer Charges, Lender Payoff, Real Estate Brokers Commission of 6%, a carve-out to the Bankruptcy Estate and any other miscellaneous costs of closing.

8.      The Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

9. The Trustee shall close the sale and distribute the funds due to the secured lenders within ninety (90) days from the date of the entry of this Order.

10. The 14-day stay period provided by Rule 6004(h) is waived and this Order shall be effective and enforceable immediately upon entry.

Trustee Carolyn Chaney is directed to serve a copy of this order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the order.